# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: July 5, 2016)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| ANDREA FULLER, on behalf of her | * | |
| Minor Child, B.F., | * | |
| | * | No. 15-1470V |
| Petitioner, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Unopposed Motion for Interim |
| | * | Attorneys' Fees and Costs; Reasonable |
| Respondent. | * | Amount to Which Respondent Does Not |
| | * | Object. |
| * * * * * * * * * * * * * | * | |

Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Adriana Teitel, U.S. Department of Justice, Washington, DC, for respondent.

### INTERIM ATTORNEYS' FEES AND COSTS DECISION[1]

On June 9, 2016, Andrew Downing filed a motion to withdraw as petitioner's counsel in the above captioned case. Motion to Withdraw dated June 9, 2016 (ECF No. 20) ("Mot. to With."). On June 10, 2016, petitioner filed a motion for interim attorneys' fees and costs. Motion for Interim Attorneys' Fees and Costs dated June 10, 2016 (ECF No. 21) (Pet'r's Int. App.").

For the following reasons, the undersigned GRANTS petitioner's motion for interim fees and costs and awards $9,520.00 in fees and $1,821.56 in costs, for a total award of $11,341.56.

### I.     Procedural History

On December 4, 2015, Andrea Fuller ("petitioner") filed a petition in the National Vaccine Injury Program[2] on behalf of her minor child, B.F., alleging that the DTaP, Hepatitis B,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

Hib, PCV, and IPV vaccines B.F. received on March 12, 2014, caused her to suffer from epilepsy, seizures, and various developmental problems.  Petition at 1, 3.

Petitioner filed medical records and a statement of completion on January 12, 2016.  On April 22, 2016, respondent filed a Rule 4(c) Report recommending against compensation.  On April 26, 2016, petitioner filed a status report stating that she was awaiting additional information from her expert regarding why the vaccinations, rather than RSV and bronchiolitis, were more likely the cause of B.F.'s injuries.  Status Report dated April 26, 2016 (ECF No. 16).  Petitioner requested an additional 30 days in which to submit and expert report.  Id.

On May 25, 2016, petitioner filed a motion for additional time, requesting an additional two weeks to advise the Court how she would like to proceed with her claim.  Status Report dated May 25, 2016 (ECF No. 18).  Petitioner stated that after meeting with her expert, counsel "made a recommendation to the petitioner and is currently waiting to conduct a follow up call with [her] to discuss how [she] would like to proceed."  Id. at 1.  The undersigned granted petitioner's request and ordered her to file a status report in two weeks regarding how petitioner intended to proceed with her case.

On June 9, 2016, Mr. Downing filed a Motion to Withdraw as Attorney for petitioner, and on June 10, 2016, he filed a motion for interim fees and costs.  Petitioner stated that she "would like to seek a second opinion from different Counsel prior to deciding on how she would like to proceed with her claim," and thus that Mr. Downing was requesting to withdraw from her case.  Mot. to With. at 1.  Counsel stated that he was "unable to continue acting as petitioner's counsel in this matter and has determined that he has no alternative but to seek this withdrawal."  Id. at 2.

Petitioner requests $9,520.00 in in interim fees and $1,821.56 in interim costs, for a total award of $11,341.56.  Pet'r's Int. App. at 1.  On June 27, 2016, respondent filed a response to petitioner's motion.  Respondent's Response dated June 27, 2016 (ECF No. 22) ("Resp's Resp.").  Respondent does not challenge petitioner's motion on the basis of a lack of reasonable basis, nor does she challenge the presumption of good faith.  Id. at 1.  Respondent stated that she "does not object to the overall amount sought by petitioner, as it is not an unreasonable amount to have been incurred for proceedings in this case to date."  Id.  However, respondent stated that petitioner had failed to make a "special showing" to justify an interim fees and costs awards.  Id. at 3.  Petitioners did not file a reply.

This matter is now ripe for adjudication.

**II.     Legal Standard**

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act.  Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010); Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343 (Fed. Cir. 2008).  The Circuit has stated, "Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act."  Cloer v. Sec'y of Health & Human Servs., 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

---

42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the undersigned finds that she brought her petition in good faith and with a reasonable basis. § 15(e)(1); Avera, 515 F.3d at 1352; Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010); Woods v.Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 154 (Fed. Cl. 2012); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (Fed. Cl. 2010); Doe 21 v. Sec'y of Health & Human Servs., 89 Fed. Cl. 661, 668 (Fed. Cl. 2009); Bear v. Sec'y of Health & Human Servs., No. 11-362v, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013); Lumsden v. Sec'y of Health & Human Servs., No. 97-588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). A petitioner "bears the burden of establishing the hours expended." Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (1991) (affirming special master's reduction of fee applicant's hours due to inadequate recordkeeping), aff'd after remand, 988 F.2d 131 (Fed. Cir. 1993) (per curiam). Reasonable attorneys' fees are determined by "'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Avera, 515 F.3d at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs," Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings. Avera, 515 F.3d at 1348.

In Avera, the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In Shaw, the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

Given Mr. Downing's explanation requesting to withdraw from the case, the undersigned finds that an award of interim fees and costs is reasonable.

### III. Discussion

#### a. Reasonable Attorneys' Fees

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a local other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis exception applies, and that petitioner's counsel is paid according to the local rate. Id.; see Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency, 169 F.3d 755 (D.C. Cir. 1999).

##### i. Hourly Rate

Petitioner requests compensation for Mr. Downing at a rate of $350.00 per hour for the total of 15.2 hours he has expended in the case thus far. Pet'r's Int. App. at 5. In addition, she

also seeks to recover costs for work performed by two legal assistants, Mr. Robert Cain and Ms. Danielle Avery, each of whom billed at a rate of $100.00 per hour. Id. at 8, 13. The requested rates of Mr. Downing, Mr. Cain, and Ms. Avery were recently ruled upon in Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V, 2015 WL 6181669 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (Special Master Corcoran awarded Mr. Downing $350.00 per hour and Mr. Cain and Ms. Avery $100.00 per hour, respectively). The undersigned agrees with this analysis and finds that a reasonable hourly rate for Mr. Downing is $350.00 per hour and that reasonable hourly rates for his assistants, Mr. Cain and Ms. Avery, are $100.00 per hour, respectively.

### ii. Hours Expended

Mr. Downing requests compensation for 15.2 total hours of work on petitioner's case. Pet'r's Int. App. at 5. Mr. Cain requests compensation for 25.30 hours, and Ms. Avery requests compensation for 16.7 hours. Id. at 8, 15. Compensation for 57.2 total billable hours is requested. Id. at 15. Respondent did not object to the overall amount of time petitioner's counsel spent working on her case. After carefully reviewing the billing records, the undersigned finds that the hours spent are reasonable and will thus pay them in full.

For all of the reasons discussed above, the undersigned awards petitioner a total of $9,520.00 in interim fees.

### b. Costs

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees. See Perriera v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees. Masias v. Sec'y of Health & Human Servs., No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

Petitioner requests compensation for costs such as photocopying, medical record collection, postage, and faxes. Pet'r's Int. App. at 15-17. The undersigned finds all these costs reasonable and will pay them in full, thus awarding petitioner $1,821.56 in costs.

### IV. Conclusion

The undersigned finds an interim award of attorneys' fees and costs appropriate at this time.

**Accordingly, the undersigned awards a total of $11,341.56 as a lump sum in the form of a check made jointly payable to petitioner and petitioner's attorney, Mr. Andrew Downing.**

In the absence of a motion for review filed pursuant to RCFC Appendix B,[3] the Clerk of the Court is directed TO ENTER JUDGMENT herewith.

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Chief Special Master