# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 26, 2019

```
* * * * * * * * * * * *
ANDREA FULLER, on behalf of her      *
Minor Child, B.F.,                   *          UNPUBLISHED
                                     *
              Petitioner,            *          No. 15-1470V
                                     *
        v.                           *          Chief Special Master Dorsey
                                     *
SECRETARY OF HEALTH                  *          Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
* * * * * * * * * * * *
```

Curtis R. Webb, Twin Falls, ID, for petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 4, 2015, Andrea Fuller ("petitioner") filed a petition in the National Vaccine Injury Program[2] on behalf of her minor child, B.F., alleging that the DTaP, Hepatitis B, Hib, PCV, and IPV vaccines B.F. received on March 12, 2014, caused her to suffer from epilepsy, seizures, and various developmental problems. Petition at 1, 3.

An entitlement hearing was held in this matter on October 16-17, 2018. Subsequently, on July 18, 2019, petitioner filed a motion for interim attorneys' fees and costs, requesting

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

compensation for the attorney and paralegal who worked on her case.[3]  Petitioner's Motion ("Pet. Mot.") dated July 18, 2019 (ECF No. 133).  Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $200,790.30
**Attorneys' Costs** – $54,891.87
**Petitioner's Costs** – $759.74

Petitioner thus requests a total of $256,441.91.  Respondent filed his response on August 1, 2019, stating that he "defers to the Chief Special Master as to whether to exercise her discretion to award interim attorneys' fees and costs at this time."  Respondent's Response dated Aug. 1, 2019 (ECF No. 134) at 4.

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned GRANTS petitioner's motion in part and awards **$256,010.27** in attorneys' fees and costs.

I.     Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Over the past three years, petitioner's counsel has expended significant time and resources to advance this claim.  The requested costs alone, which include expert fees and travel expenses for the entitlement hearing, total over $50,000.00.  Moreover, the claim appears at this point to have been brought in good faith and built on a reasonable basis.  The undersigned thus finds that an award of interim attorneys' fees and costs is appropriate here.

   A.     Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable

---

[3] This is petitioner's second motion for interim fees and costs.  On July 5, 2016, the undersigned awarded petitioner $11,341.56 in fees and costs for her former counsel, Mr. Andrew Downing.  Decision dated July 5, 2016 (ECF No. 23).

hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

Here, petitioner requests the following hourly rates for the attorney and paralegal who worked on this matter:

**Curtis Webb – Attorney**
    2016: $409.00
    2017: $424.00
    2018-2019: $440.00

**Alexander Webb – Paralegal**
    2016-2018: $100.00
    2019: $135.00

The undersigned finds that the requested rates are reasonable and in accordance with the guidelines set forth in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  These rates also align with what the undersigned has approved for Mr. Webb and his paralegal in the past.  See, e.g., Jackson v. Sec'y of Health & Human Servs., No. 17-682V, 2018 U.S. Claims LEXIS 1212 (Fed. Cl. Spec. Mstr. June 19, 2018); Kochman v. Sec'y of Health & Human Servs., No. 17-491V, 2018 U.S. Claims LEXIS 1110 (Fed. Cl. Spec. Mstr. May 15, 2018).  The undersigned will therefore award the rates requested.

Furthermore, the undersigned determines that the hours billed by Mr. Webb and his paralegal are reasonable. While Mr. Webb certainly spend a substantial number of hours advancing this claim, the undersigned is satisfied with the quality legal work that those hours produced. Therefore, the undersigned will award the fees requested.

**B.    Costs**

    **i.    Attorneys' Costs**

        **a.    Expert Fees**

Petitioner requests $44,425.00 for work performed by Dr. Marcel Kinsbourne – 81.6 hours, billed at an hourly rate of $500.00, and 14.5 hours of travel, billed at an hourly rate of $250.00. Pet. Mot., Attach. C at 2-4.

Although an hourly rate of $500.00 is considered high in the Vaccine Program, the undersigned will allow that rate here, based on the depth of Dr. Kinsbourne's expert reports and his participation in the hearing. The undersigned also notes that other special masters have found this hourly rate appropriate. See, e.g., Jaafar v. Sec'y of Health & Human Servs., No. 15-267V, 2019 WL 2265329 (Fed. Cl. Spec. Mstr. Apr. 26, 2019); Pember v. Sec'y of Health & Human Servs., No. 15-1005V, 2018 WL 3981514 (Fed. Cl. Spec. Mstr. June 28, 2018); Simon v. Sec'y of Health & Human Servs., No. 05-941V, 2008 WL 623833 (Fed. Cl. Spec. Mstr. Feb. 21, 2008). Therefore, the undersigned will award the full requested fee.

As part of his bill, Dr. Kinsbourne documents $1,705.68 in expenditures related to lodging, airfare, and ground transportation for the hearing. Pet. Mot., Attach. C at 4. The undersigned will award these costs as well.

        **b.    Travel Costs**

Petitioner requests $6,977.50 for attorneys' costs related to travel associated with the hearing. See Pet. Mot. at 2; Pet. Mot., Attach. B at 23-34. This amount includes travel costs for petitioner's counsel, petitioner, petitioner's mother, and petitioner's infant son. Pet. Mot. at 12. Although the hearing was scheduled to end on October 18, 2019, petitioner and her family did not leave Washington, D.C., until two days later on October 20, 2019, apparently "because of the difficulty with connections from and to Lewiston, Idaho, and the difficulty of traveling with a 1 year old." Id.

The undersigned understands petitioner's desire to have an adult relative available to provide childcare. But while the undersigned acknowledges the difficulties of traveling with a young child, she does not find the prolonged hotel stay reasonable. See Broekelschen v. Sec'y of Health & Human Servs., No. 07-137V, 2011 WL 2531199, at *13 (Fed. Cl. Spec. Mstr. June 3, 2011) (refusing to compensate petitioner's counsel for an extra night's hotel stay, when counsel arrived two days before oral argument presumably "to accommodate time zone changes"), mot. for review denied, 102 Fed. Cl. 719 (2011). This results in a reduction of $309.22, the cost of the final night of the hotel stay.

4

### c. Miscellaneous Costs

Petitioner requests $1,783.69 to cover her attorney's other miscellaneous expenses, including medical literature, medical records requests, Fed Ex costs, and the hearing transcript. Pet. Mot. at 2; Pet. Mot., Attach. C at 35-66. The undersigned finds these costs reasonable and well-documented, and she will award them in full.

### ii. Petitioner's Costs

Petitioner also requests $759.74 in petitioner's costs, which she incurred for filing fees and travel expenses associated with the hearing. See Pet. Mot., Attach. D at 2. As discussed above, the undersigned will not reimburse petitioner for the additional day spent in Washington, D.C. Therefore, the undersigned will reduce the requested amount by $122.42, the food and transportation costs incurred during petitioner's extra day in D.C. See id. The undersigned finds the remainder of petitioner's requested costs reasonable, and she will award them in full.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 200,790.30 |
| Awarded Attorneys' Fees: | $ 200,790.30 |
| | |
| Requested Attorneys' Costs: | $ 54,891.87 |
| Reduction in Attorneys' Costs (Hotel): | $ (309.22) |
| Awarded Attorneys' Costs: | $ 54,582.65 |
| | |
| Requested Petitioner's Costs: | $ 759.74 |
| Reduction in Petitioner's Costs (Additional Day in D.C.): | $ (122.42) |
| Awarded Petitioner's Costs: | $ 637.32 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$ 256,010.27** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $256,010.27, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Curtis R. Webb.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master